ELLISON v. SMYTH *et al.*

**Mortgage.: WASTE: INJUNCTION.** This action was brought to enjoin the cutting of timber on the mortgaged premises, and a temporary injunction was allowed, but the final hearing was not had until after the premises had been bid in by the mortgagee, at foreclosure sale, for the full amount of his demand and costs ; but the year for redemption had not expired. The injunction was dissolved and the petition dismissed. *Held* that this was right, because there was no ground for the action in the first place ; it appearing that defendants had then ceased cutting timber, with no apparent intention of resuming ; and that the cutting already done had been done under an agreement with plaintiff, which provided for the payment of the proceeds upon the mortgage debt, no intention to violate which agreement was shown ; and the fact, which appeared at the final hearing, that they did not so apply the proceeds of the timber, was then immaterial, since plaintiff had bought in the premises for the full amount of the debt and costs.

*Appeal from Louisa District Court.* — HON. J. H. PRESTON, Judge.

FILED, OCTOBER 22, 1888.

ON the fifth day of May, 1882, James Smyth, now deceased, executed to the appellant his promissory note for nine thousand dollars, with annual interest at eight per cent. At the same time said deceased, with his wife, Elizabeth Smyth, one of the defendants, executed to plaintiff to secure the note, a mortgage on the farm on which the deceased resided, and upon eighty acres of timber-land some distance from the farm. After the death of James Smyth the appellees, his widow and heirs, continued to reside on the farm, and were in the possession of all the mortgaged real estate. In the winter of 1885–86, the defendants cut a large amount of timber upon the eighty acres of timber-land, and also upon the farm. The interest on the mortgage was in arrears. In July, 1886, the plaintiff commenced this action to enjoin the defendants from cutting any more timber, and from removing that already cut. An

injunction was allowed, and afterwards it was, upon application of defendants, modified so as to allow the defendants to sell and dispose of the timber which had been cut, and pay the proceeds to the plaintiff, to apply on the mortgage debt. The injunction was continued so far as the further cutting of timber was involved. The plaintiff commenced an action to foreclose the mortgage. The mortgage was not due, but it contained a provision authorizing a foreclosure upon default in the payment of interest, and after sixty days' notice by the mortgagee. For some reason not material to this inquiry the action for foreclosure was dismissed. Another action was brought, and a decree of foreclosure was obtained; and in July, 1887, all of the mortgaged property was sold on special execution, for the full amount of the mortgage, including interest and costs. This action for injunction was not tried in the district court until in the month of November, 1887, and the period of redemption from the foreclosure sale expired on the second day of July, 1888. The trial of this cause upon the merits resulted in a decree dismissing the petition and dissolving the injunction, and the plaintiff appeals. Upon the death of Samuel Ellison, Mary Ellison was substituted as administratrix.

*Chas. A. Clark*, for appellant.

*C. W. Kepler*, for appellee.

ROTHROCK, J. — No appeal was taken from the order modifying the temporary injunction. As modified, the defendants were enjoined from cutting any more timber, and they were permitted to prepare that already cut for market, and sell it; and, after deducting the expenses, pay the net proceeds upon the mortgage. At the preliminary hearing, which was upon affidavits, the court found the timber was cut with the knowledge and consent of the plaintiff, and with the understanding between the parties that the net proceeds of the sale of the same should be paid on plaintiff's mortgage. The same questions of fact were in issue and tried upon the

final hearing from which this appeal was taken. A careful examination of the evidence has led us to the conclusion that the injunction was rightfully dissolved, upon the grounds that it appears, from a fair preponderance of the evidence, that the timber was cut under the agreement and understanding above mentioned; and there is nothing in the evidence to show that the defendants intended to apply the net proceeds to any other purpose than in payment of the mortgage. No timber had been cut for several months prior to the commencement of this action, and it does not appear that the defendants had any purpose or intention to cut any more. It appears to us that there was no cause for an injunction when it was issued, and there is nothing in the record, as it is presented to us, upon which the court could properly have found that the injunction should be continued until the period for redemption from the foreclosure sale expired. There was a large number of witnesses examined upon the hearing, upon the question as to the value of the land. The object of this testimony was to show on the part of the plaintiff that the committing of waste by cutting timber was an impairment of the mortgage security; and the defendants sought to show that the value of the land was so much greater than the amount of the mortgage that the plaintiff had no cause for commencing the action. It is unnecessary to determine this issue. We place our affirmance of the decree upon the ground that the cutting of timber was done with the knowledge and consent of the plaintiff; and there is nothing to show that the defendants did not in good faith intend to carry out the agreement. They even offered, before this suit was commenced, to saw such of the timber as was suitable into railroad ties, and deliver them to the railroad company in plaintiff's name, and to give him security for the application of the proceeds of all the timber and wood in payments on the mortgage. It is true the defendants did not apply any of the proceeds upon the mortgage. But the plaintiff has now no ground of complaint of their failure to do so. When this cause was

tried there was nothing due on the mortgage. The land sold for sufficient to pay it in full, with interest and the cost of foreclosure. The decree of the district court will be                                                    AFFIRMED.